UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY ROSE<br><br>       Plaintiff,<br><br>   - against –<br><br>SOLAR REALTY MANAGEMENT CORP., 2415 CRESTON AVENUE, LLC., BUCKINGHAM PROPERTY MANAGEMENT, LLC and SARUHAN CAPIN<br><br>       Defendants. | Index No.<br><br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

ANTHONY ROSE by and through his counsel, The Law Office of Delmas A. Costin, Jr., P.C. as and for their complaint, allege as follows:

**PRELIMINARY STATEMENT**

1. PLAINTIFF alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 et. seq. ("FLSA"), that he is entitled to recover from SOLAR REALTY MANAGEMENT CORP., 2415 CRESTON AVENUE, LLC., BUCKINGHAM PROPERTY MANAGEMENT, LLC and SARUHAN CAPIN (collectively "DEFENDANTS") all statutory damages including: (1) unpaid wages (2) overtime, (3) liquidated damages, (4) back pay, (5) front pay, (6) pre-judgment interest, and (7) attorneys' fees and costs.

2. PLAINTIFF further alleges, pursuant to the New York Labor Law ("NYLL"), Article 6 §§ 190 et seq., Article 7 §§ 200 et seq., Article 19 §§650 et seq. and the common law, they are entitled to recover from DEFENDANTS all statutory damages including: (1) unpaid wages, (2) overtime, (3) liquidated damages, (4) back pay, (5) front pay, (6) pre

judgment interest, (7) lost compensation, (8) spread of hours , (9) retaliation damages and (10) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §2l6(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. ANTHONY ROSE is a resident of Bronx County and has been at all times relevant hereto.

6. 2415 CRESTON AVENUE LLC ("CRESTON LLC") is a foreign limited liability company.

7. DEFENDANT CRESTON LLC owed property located at 2415 Creston Avenue Bronx, NY ("the property")

8. BUCKINGHAM PROPERTY MANAGEMENT, LLC is a foreign limited liability company.

9. DEFENDANT BUCKINGHAM manages the property.

10. DEFENDANT SOLAR REALTY MANAGEMENT CORP is a domestic business corporation which accepts service at 57 west 38th Street, 2nd Floor New York, NY.

11. DEFENDANT SARUHAN CAPIN is a natural person and principal of some or all of the following: SOLAR REALTY MANAGEMENT CORP., 2415 CRESTON AVENUE, LLC., and BUCKINGHAM PROPERTY MANAGEMENT, LLC.

2

12. DEFENDANTS operate as a single integrated enterprise that employed and/or jointly employed Plaintiff.

13. At all relevant times DEFENDANTS had substantial control over, ANTHONY ROSE's working conditions and unlawful practices alleged herein.

14. At all relevant times, DEFENDANTS were ANTHONY ROSE employers and/or joint employers within the meaning of the FLSA and NYLL.

15. Upon information and belief, at all times relevant to this complaint DEFENDANTS annual gross volume of sales made or business done was not less than $500,000.00.

## THE FACTS

16. DEFENDANT CRESTON LLC purchased the property on or about February 4, 2015.

17. DEFENDANT SOLAR is the managing agent of the property.

18. DEFENDANT BUCKINGHAM paid ANTHONY ROSE his wages.

19. The Property is a residential apartment building consisting of approximately 32 apartments.

20. Between September 2012 and June 1, 2016, ANTHONY ROSE was employed as the resident janitor of the property.

21. At all times, relevant to the complaint, ANTHONY ROSE was an employee within the meaning of FLSA §203(e) and NYLL §190(2).

22. ANTHONY ROSE was a resident janitor pursuant to 12 New York Codes, Rules and Regulations §141-3.5.

23. At all relevant times, ANTHONY ROSE was employed to provide janitorial services pursuant to The New York City Administrative Code §27-2052(b).

24. Resident Janitors are often called "Superintendents" or "Supers".

25. As part of his job as a resident janitor, ANTHONY ROSE was required by DEFENDANTS to clean and maintain the property by making minor repairs, removing garbage, refuse, ashes and wastes from the premises, removing snow, ice, dirt and other matter from the sidewalk and gutter.

26. Upon information and belief DEFENDANTS ordered and used supplies and materials manufactured outside of New York State.

27. ANTHONY ROSE's regular working hours were Monday through Saturday from 7:00AM to 5:00 PM., and at least three (3) hours on the weekend.

28. At least two times a week, ANTHONY ROSE performed resident janitor duties before 7:00AM and after 5:00PM during the days he was scheduled to work and on Sundays.

29. ANTHONY ROSE worked no fewer than 66 hours per week as a resident janitor.

30. DEFENDANTS paid ANTHONY ROSE $338.50 weekly for work performed as a resident janitor.

31. ANTHONY ROSE's paystubs list DEFENDANT BUCKINGHAM as the source of payment for work done by ANTHONY ROSE in the property.

32. ANTHONY ROSE received work instructions from several managers for DEFENDANTS.

33. ANTHONY ROSE's supervisors were DEFENDANTS during the relevant time period.

34. DEFENDANTS provided ANTHONY ROSE with instructions regarding how to perform his job as the resident janitor of the building.

35. DEFENDANTS provided ANTHONY ROSE with his paychecks.

**DEFENDANTS HIRED PLAINTIFFS
TO PERFORM MAJOR REPAIR WORK**

36. After DEFENDANT CRESTON LLC purchased the property DEFENDANT CAPIN told ANTHONY ROSE that he would be paid for doing renovation work in the apartments.

37. The renovations constituted major repairs.

38. DEFENDANTS and ANTHONY ROSE agreed that he would be paid additional wages for doing renovation work.

39. DEFENDANTS told ANTHONY ROSE that he would be paid in full.

40. DEFENDANTS' managers told ANTHONY ROSE the work that needed to be performed.

41. DEFENDANTS' managers included DEFENDANT CAPIN, Manuel Valerio, Ericka Paz and Patricia Rodriguez.

42. Supplies were ordered so that ANTHONY ROSE could perform major repair work in the apartments.

43. DEFENDANTS paid for the supplies.

44. ANTHONY ROSE expected to be paid wages by DEFENDANTS for renovation apartments.

45. By way of example, DEFENDANTS directed ANTHONY ROSE, to perform the following types of renovation work including but not limited to:

    a.  knocking down and reinstalling walls,

    b.  plastering walls,

    c.  installing sheet rock,

    d.  installing plumbing pipe in walls,

    e.  painting apartments,

f.   removing and installing flooring,

g.   removing and installing floorings,

h.   removing and installing sinks and bathtubs,

i.   installing cabinets, and

j.   repairing a boiler.

46. The type of work listed in the preceding paragraph is performed by a contractor pursuant

N.Y.C. Admin. Code §27-386(5).

47. Janitorial services duties do not include any of the items listed above pursuant to N.Y.C.

Admin. Code §27-2052.

48. Janitorial services do not include the type of renovation work performed by ANTHONY

ROSE.

49. The owner of a building can use his own employees to perform renovation work and pay

them wages for the work performed.

50. Resident superintendents are routinely paid extra money by their employers to perform

renovation work.

51. Renovation work was extra work performed by, ANTHONY ROSE at DEFENDANTS'

request.

52. The renovation work DEFENDANTS asked ANTHONY ROSE to do are normally done

by a contractor.

53. Resident superintendents are routinely paid extra money by their employers to perform
major repair work.


**Plaintiffs Perform Major Repair Work for Defendants**


54. ANTHONY ROSE performed major repair work for DEFENDANTS.

6

55. DEFENDANTS' managers saw ANTHONY ROSE perform the major repair work.

56. DEFENDANTS' managers instructed ANTHONY ROSE during the inspection of the work he performed.

57. By way of example, DEFENDANTS instructed ANTHONY ROSE to complete his work by a certain date.

58. DEFENDANTS' managers inspected the work performed by ANTHONY ROSE.

59. DEFENDANTS were satisfied with the work performed by ANTHONY ROSE.

60. ANTHONY ROSE performed renovation work on apartments which had previously been vacant or had potential building code violations.

61. DEFENDANT was able to lawfully rent apartments and studios that they previously could not rent.

62. DEFENDANT received additional rental income once ANTHONY ROSE completed the renovation.

**Defendants Failed to Pay Wages and Overtime**

63. Employees are allowed to have more than one job with an employer and to be compensated at different rates of pay pursuant to N.Y.C.R.R. §141-2.11.

64. Payments for painting an apartment or for renovation may not be considered as part of the minimum wage of N.Y.C.R.R. §141-2.5.

65. ANTHONY ROSE renovated in at least eight (8) apartments for DEFENDANTS.

66. While working on renovation projects assigned by DEFENDANTS, ANTHONY ROSE worked between 5PM and 7PM Monday through Friday, from 9 AM to 5 PM on Saturdays and Sundays from 9 AM to 5 PM for the time period December 1, 2015 through April 1, 2016.

67. ANTHONY ROSE worked no fewer than 14 hours every week doing the major repair work for the time period December 1, 2015 through April 1, 2016.

68. ANTHONY ROSE worked no fewer than 66 hours, 52 as a resident superintendent and 14 performing major repair work) every week work for the time period December 1, 2015 through April 1, 2016.

69. DEFENDANTS paid ANTHONY ROSE a straight time hourly rate of $8.46 ($338.50 per week ÷ 40 hours per week = $8.46 per hour).

70. ANTHONY ROSE, demanded payment for renovation work performed.

71. ANTHONY ROSE received payments for doing renovation work in at least two (2) apartments.

72. DEFENDANTS refused to pay for any other renovation work performed by ANTHONY ROSE.

73. DEFENDANTS' failure to pay any wages resulted in ANTHONY ROSE receiving less than the lawful minimum wage and overtime.

74. DEFENDANTS were able to lawfully rent apartments that they previously could not legally rent.

75. DEFENDANTS received additional rental income once ANTHONY ROSE completed the renovation .

76. At all times during their employment ANTHONY ROSE expected payment from DEFENDANTS for their work upon completion.

**Discrimination in violation of the NYCHRL**

77. ANTHONY ROSE was born on August 29, 1960.

78. ANTHONY ROSE was replaced by a younger lighter skinned Hispanic man who appeared to be about twenty-five (25) years younger than ANTHONY ROSE.

79. DEFENDANTS stated in sum and substance to ANTHONY ROSE "YOU DON'T WORK FAST ENOUGH."

**Defendants Retaliate against Anthony Rose**

80. ANTHONY ROSE asked DEFENDANTS' Managers for wages owed to him for renovation work.

81. DEFENDANT CAPIN told ANTHONY ROSE to call DEFENDANT BUCKINGHAM's office several times.

82. DEFENDANT CAPIN refused to pay ANTHONY ROSE wages.

83. DEFENDANT BUCKINGHAM office told ANTHONY ROSE to call DEFENDANT SOLAR's office several times.

84. DEFENDANTS terminated ANTHONY ROSE on April 1, 2016.

85. As a result of DEFENDANTS' actions ANTHONY ROSE suffered financial loss and have incurred damages thereby.


**FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87. Defendants were required to pay directly to Plaintiff the applicable federal minimum wage for all hours worked.

88. Defendants did not inform Plaintiff of FLSA §203(m).

89. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

90. At all times relevant, Plaintiff was employed by an entity engaged in commerce and/or engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 USC §§ 203(e), (m) and 206 (a), and/or engaged in commerce and/or production or sale of goods for commerce with the meaning of 29 USC §§ 203(e), (m) and 206(a).

91. At all relevant times, Plaintiff was an employee of Defendants within the meaning of FLSA §203(e), (m) and 206 (a).

92. At all relevant times Defendants, have been employers of Plaintiff engaged in commerce and/or the production of goods for commerce within the meaning of 29 USC §§ 203(e) and 206(a).

93. Upon information and belief, at all relevant times, Defendants, had gross annual revenues in excess of $500,000.

94. Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U. S. Department of Labor in violation of FLSA §203 (m) and supporting regulations, including but not limited to 29 CFR §516.4.

95. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

96. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices

described in the Complaint are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

97. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to FLSA §225.

98. As a result of Defendants' FLSA violations, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant 29 USC §216 (b).

## SECOND CAUSE OF ACTION

## <u>FAIR LABOR STANDARDS ACT</u>
## <u>FAILURE TO PAY OVERTIME</u>

99. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.  The overtime wage provisions set forth in FLSA and the supporting federal regulations apply to Defendant and protect Plaintiff.

101.   Defendants have failed to pay Plaintiff overtime wages for all of the hours worked in excess of forty (40) hours in a work week.

102. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in the Complaint are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

103.  Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to FLSA §225.

104.   As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to

11

recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to FLSA §216(b).

## THIRD CAUSE OF ACTION

### NEW YORK LABOR LAW
### FAILURE TO PAY MINIMUM WAGE

105. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106. Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor regulations.

107. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in the Complaint.

108. At all relevant time, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

109. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiff.

110. Defendants were required to pay Plaintiff  a minimum wage at a rate of (a) $6.00 per hour for all hours worked from October 14, 2005 through December 31, 2005; (b) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (c) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (d) $7.25 per hour for all hours worked from July 24, 2009 to the present time, under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §146-1.2.

111. By Defendants' knowing or intentional failure to pay Plaintiff minimum hourly wages, they have willfully violated the NYLL Article 19 §§ 650 *et seq.* and the supporting New

York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 146-1.1.

112.  Defendants failed to post, in a conspicuous place in their establishments, notices issued by the Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations, including but not limited to, the regulations in 12 N.Y.C.R.R. §146-2.4.

113. Defendants failed to furnish with every payment of wages to Plaintiff a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §146-2.3

114.  Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R.  Part 146.

115.   As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§ 198 and 652.

**FOURTH CAUSE OF ACTION**

**<u>NEW YORK LABOR LAW</u>**
**<u>FAILURE TO PAY OVERTIME</u>**

116. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

117.  The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff.

Complaint-Rose

118.  Defendants have failed to pay Plaintiff overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

119.  Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR §141-1.4.

120. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§ 198 and 652.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE NEW YORK LABOR LAW
### SPREAD OF HOURS PAY

121. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

122.  Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than 10 hours.

123.  By Defendants' failure to pay Plaintiff, Defendants have willfully violated NYLL Article 19, §§ 650 *et seq*. and the supporting New York State Department of Labor regulations.

124.  Due to Defendants' violation of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest pursuant to NYLL §§198 (1-a) and 663.

Complaint-Rose

**SIXTH CAUSE OF ACTION**

**<u>NEW YORK LABOR LAW</u>**
**<u>RETALIATION</u>**

125.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

126.  Defendant discharged, penalized, or in any other manner discriminated against any Plaintiff because such employee has made a complaint to his employer, that the employer has violated any provision of the NYLL, or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter.

127. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§ 215.

**SEVENTH CAUSE OF ACTION**

**<u>NEW YORK LABOR LAW</u>**
**<u>NOTICE & WAGE STATEMENT VIOLATIONS</u>**

128. PLAINTIFF realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

129. DEFENDANTS have willfully failed to supply PLAINTIFF with the notice required by NYLL § 195(1), in English or in the languages identified by PLAINTIFF in his primary language, containing his "rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the

15

minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

130. DEFENDANTS have willfully failed to supply Plaintiffs and the Class Members with an accurate statement of wages as required by NYLL § 195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

131. Due to DEFENDANTS' violations of the NYLL§ 195(1), PLAINTIFF is entitled to $50 dollars for each workweek in which the violations occurred or continue to occur, or a total of $5,000.00 as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

132. Due to DEFENDANTS' violations of the NYLL§ 195(3), PLAINTIFF is entitled to recover from DEFENDANTS $250.00 for each workweek on or after April 9, 2011, on which the violations occurred or continue to occur, or a total of $5,000.00, as provided for by NYLL § 198(1)-d.

**WHEREFORE**, ANTHONY ROSE demand judgment against DEFENDANTS as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

16

B. An injunction against DEFENDANTS and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C. An award of damages for unpaid wages, unpaid overtime compensation, liquidated damages pursuant to the FLSA and the NYLL;

D. An award of unpaid spread of hours, punitive damages, front pay in lieu of reinstatement, mental anguish and retaliation pursuant to the NYLL;

E. An award of statutory penalties as a result of DEFENDANTS' failure to comply with NYLL notice and record keeping requirements;

F. An award of prejudgment and post judgment interest pursuant to the NYLL;

G. An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to the NYLL; and

H. Such other and further relief as this Court deems just and proper.

Date:   Bronx, NY
        December 19, 2016

                              The Law Office of Delmas A. Costin, Jr., PC


                              By:    _____/s/_____
                                     Delmas A. Costin, Jr. (DC2926)
                                     Attorneys for Plaintiff
                                     177 E. 161st Street
                                     Bronx, NY 10451
                                     (718) 618-0589 (O)
                                     (347) 510-0099 (F)
                                     dacostin@dacostinlaw.com

Complaint-Rose